IN RE ESTATE OF WILLIAM E. HAFFEY, JOHN M. JORDAN,
Appellant.

**April 12, 1881.**

1. Upon exceptions to an administrator's final settlement the burden is upon the administrator to show that an inventoried debt due the estate is non-collectable.

2. When it appears that the administrator, at the time of his appointment, owed the estate, that at no time thereafter would his property have paid his debts, but that he had knowledge of his own affairs, which, if possessed by another, would probably have enabled such other to have collected the debt, he is, on final settlement, properly not allowed to return the claim against himself as non-collectable.

APPEAL from the St. Louis Circuit Court, WICKHAM, J.
*Affirmed.*

MYERS & ARNSTEIN and WILLIAM H. HORNER, for the appellant : The debt of an administrator, due an estate, is not to be treated as so much money, but is to be placed on the same footing with debts due the estate from other sources. — *McCarty* v. *Frazer*, 62 Mo. 263 ; *Piper's Estate*, 15 Pa. St. 536 ; *Scott & Rule* v. *Governor*, 1 Mo. 493.

JAS. S. GARLAND and J. H. O'NEILL, *contra :* An administrator, in order to be entitled to credit for a debt due by him to his intestate at the time of his death, on the ground of insolvency, must show, not only that he was insolvent at the time of the taking out letters of administration, but that he has continued insolvent ; and such insolvency must not be a mere technical insolvency arising from the fact that at no time during the administration was he able to pay all his debts, but such real insolvency as to preclude the possibility of the collection of said indebtedness due the estate by the exercise of due and proper diligence. — Wag. Stats. 87, sect. 31 ; Rev. Stats. 17, sect. 98 ; *Williams* v. *Pettigrew*, 62 Mo. 460 ; *Fudge* v. *Durn*, 51 Mo. 264 ; *The State ex rel.* v. *Meagher*, 44 Mo. 356 ; *In re Camp*, 6 Mo. App. 563.

BAKEWELL, J., delivered the opinion of the court.

John M. Jordan was appointed administrator of William E. Haffey, deceased, in July, 1873. He made his final settlement in March, 1878, showing $413.13 due the estate. The Probate Court sustained exceptions to this settlement, and found the administrator in debt to the estate, $1,884. An appeal was taken to the Circuit Court by the administrator, and the cause was there referred to a referee, upon whose report the court rendered judgment against the administrator for $1,952.10, from which he appeals.

The administrator, claiming that he had been insolvent ever since his appointment, credited himself with $749, being a debt due by him to the deceased at the time of his death. This item was disallowed by the Probate Court, by the referee, and by the Circuit Court. The only question urged upon us by appellant is the propriety of disallowing this credit.

The referee finds as follows as to this matter : —

" I find that ever since Jordan was appointed said administrator, he has been insolvent in the sense, that at no time during that time has he owned property enough to pay all his debts ; and if any other person than said Jordan had been appointed said administrator, who possessed such information only in regard to Jordan's business and property as one man ordinarily possesses in regard to the business and property of another, towards whom he holds no confidential relation, I think it very doubtful if the debt due from Jordan to the estate could have been collected, if Jordan had resisted such collection ; but I find that if a person other than Jordan had been appointed such administrator, and who had the same information in reference to the business and property of Jordan as he himself had, then such other person, as such administrator, by due diligence could have collected said debt due from Mr. Jordan to said estate ; and I hold that Jordan was bound to avail himself of all the information he had in regard to his own business and prop-

erty in making this debt for the estate; and I believe if he had done so he could, as such administrator, have collected this debt for the estate."

We think the finding of the referee is correct both as to the law and the facts. We have read the evidence. The main, and with one exception the only, witness is Jordan himself.

An administrator, before he can take credit for an account as uncollectable, must show that he used that degree of care and diligence which a prudent man would use in regard to his own affairs, in attempting to collect it; and that having used such diligence, he failed. The burden is on the administrator. If a man, owing money and having assets, administers upon an estate, as Jordan manifestly did in this case, to get the cash to mix it with his own funds, and to use it to help him in his embarrassments, if he then fails to make annual settlements as required by law, as Jordan failed to do, and must be twice cited to settle, as Jordan was, he must not suppose that he will be allowed credit for an amount due by him to the deceased at his death, merely on the ground that he was indebted and embarrassed from first to last, and chose to pay more troublesome creditors, and to let the claim of the dead man go, whose estate he has mingled with his own. This seems to be the attitude of appellant towards the question. He did pay, in whole or in part, some creditors, and he did compromise with relatives to whom he was in debt, but he could not at any time pay all he owed; and, after making an arrangement for a joint-stock company, of which he owned about all the stock, apparently to keep his creditors off, when he and the company which represented his capital had both gone into bankruptcy, after a desperate struggle in which he was perhaps somewhat aided by the money of this estate, he asks to be credited with the amount due by him to the estate, as uncollectable.

It was not uncollectable. It was impossible for Mr. Jordan, as administrator, to discharge from his mind the

knowledge which he had of his own affairs. That knowledge, possessed by any of his other creditors would probably have enabled them to enforce the collection of this debt, had it been due to them. The burden was on him to show that this was not the case; and we think, as every person who has passed upon this evidence has thought, that he has not made out his case. It is this knowledge of his own affairs which makes it a dangerous and doubtful matter for a man in embarrassed circumstances to become administrator of a person to whom he is indebted.

We think the judgment should be affirmed. It is so ordered. Judge THOMPSON concurs; Judge LEWIS is absent.